# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PUMP IT UP HOLDINGS, LLC and FB HOLDINGS, LLC,**

      **Plaintiffs,**

v.                                                     Case No: 6:19-cv-1252-Orl-31DCI

**ROBERT ANDERSON, RJA, LLC, BARBARA CATALANO, NANCY CATALANO, FUN ENTERPRISES INC., ANTHONY C. CATALANO and ANTHONY M. CATALANO,**

      **Defendants.**

## ORDER

On August 18 and 19, 2020, Plaintiffs filed a Motion to Compel Documents from Defendants Nancy Catalano, Barbara Catalano, Anthony C. Catalano, Anthony M. Catalano, and Fun Enterprises, Inc. (collectively, "Catalano Defendants") (Doc. 82) and a Motion for Sanctions Against the Catalano Defendants or, in the Alternative, Motion to Extend the Discovery Deadline (Doc. 83), respectively (collectively, the Motions). The deadlines for the Catalano Defendants to respond to the Motions were September 1 and 2, 2020, respectively. *See* Local Rule 3.01(b).

As of the date of this Order, the Catalano Defendants failed to file a response to the Motions. The Court routinely grants motions as unopposed where the opposing party has not filed a response in opposition to the motion. *See* Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added); Case Management and Scheduling Order (Doc. 53) at 4 ("Each party opposing any written motion shall

file, within 14 days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested. Local Rule 3.01(b). Where no memorandum in opposition has been filed, the Court may grant the motion as unopposed.").

In the Motion to Compel, Plaintiffs request additional information in response to certain of their requests for production. According to the Local Rule 3.01(g) certification, counsel for the Catalano Defendants agreed to provide the additional information, but then failed to actually do so. Thus, the Motion to Compel was filed. Without a response in opposition, the Motion to Compel is deemed unopposed and the Catalano Defendants will be compelled to provide full responses to the Requests for Production at issue in the Motion to Compel, and all objections identified as insufficient in the Motion to Compel are deemed waived, with the exception of materials assertedly protected by the attorney-client privilege and work product doctrine; if the Catalano Defendants assert that documents are protected by the privilege or doctrine, they shall provide a privilege log to Plaintiffs in compliance with the undersigned's standing order (available on the Court's website).

In the Motion for Sanctions, Plaintiffs state that Anthony M. Catalano, Anthony C. Catalano, Nancy Catalano, and Barbara Catalano (collectively, the Catalano Deponents) failed to appear for their depositions. Due to that failure, Plaintiffs request sanctions pursuant to Federal Rule of Civil Procedure 37 to include "an order striking the Catalano Defendants' Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, entering a default judgment, and awarding Plaintiffs their attorneys' fees and costs incurred as a result of the Catalano Defendants' failure to appear for their deposition and incurred in preparing this Motion." Doc. 83 at 6. Again, the Catalano Defendants failed to respond to the Motion for Sanctions, and the request is unopposed. Further, it should be reiterated that the Catalano Defendants are represented by

counsel in this matter and that Plaintiffs complied with their obligations under Local Rule 3.01(g) prior to filing the Motion. Indeed, according to the Local Rule 3.01(g) certification in the Motion for Sanctions, the Catalano Defendants do not oppose the alternative request that the discovery deadline be extended 30 days to allow for the deposition of the Catalano Deponents. The discovery deadline in this case was June 1, 2020, but was extended 90 days by a subsequent order, such that the discovery deadline expired last week. The dispositive motions deadline is quickly approaching, having been originally set for July 1, 2020 and similarly extended 90 days. Given the alternative request for relief, which is unopposed, and the lack of any demonstrated prejudice to Plaintiffs at this time given that there remains time to brief dispositive motions, the Court finds that a lesser sanction than striking pleadings and entering default is appropriate. Specifically, the Court will grant the alternative request for relief and require that the Catalano Deponents appear for a deposition within two weeks. The unopposed request for sanctions is taken under advisement and will be revisited if the Catalano Deponents fail to appear for depositions within two weeks.

Accordingly, it is **ORDERED** that:

1. The Motion to Compel (Doc. 82) is **GRANTED**. On or before September 15, 2020, the Catalano Defendants shall respond in full to the discovery requests at issue in the Motion, and to the extent responsive documents are assertedly privileged the Catalano Defendants must provide a privilege log by that date. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Catalano Defendants shall pay to Plaintiffs their reasonable expenses (including attorney fees) incurred in filing the Motion to Compel;[1] and

---

[1] If the parties cannot agree to this amount, Plaintiffs may file a motion to quantify by September 22, 2020.

2. The Motion for Sanctions (Doc. 83) is **GRANTED in part and TAKEN UNDER ADVISEMENT in part**, such that the Catalano Deponents must each appear for a deposition on or before September 22, 2020.[2] On or before September 23, 2020, Plaintiffs shall file a notice stating whether the Catalano Deponents appeared for their depositions as required. If the Catalano Deponents fail to appear for deposition a second time, the Court may enter default against them without further notice pursuant to the unopposed Motion for Sanctions and Rule 37.

**ORDERED** in Orlando, Florida on September 8, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The parties may agree to a later date for these depositions, but such an agreement will not be a basis to extend the dispositive motions deadline or any other deadline in the CMSO.