# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PUMP IT UP HOLDINGS, LLC and FB HOLDINGS, LLC,**

      **Plaintiffs,**

**v.**                                                                      **Case No: 6:19-cv-1252-Orl-31DCI**

**ROBERT ANDERSON, RJA, LLC, BARBARA CATALANO, NANCY CATALANO, FUN ENTERPRISES INC., ANTHONY C. CATALANO and ANTHONY M. CATALANO,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned on Plaintiffs' Motion for Sanctions Against Defendants Nancy Catalano, Barbara Catalano, Anthony C. Catalano, Anthony M. Catalano, and Fun Enterprises, Inc. (collectively, Catalano Defendants) or, in the Alternative, Motion to Extend the Discovery Deadline. Doc. 83 (the Motion for Sanctions). In a discovery order dated September 8, 2020, the Court granted a Motion to Compel Documents from the Catalano Defendants (Doc. 82, the Motion to Compel) and granted in part and took under advisement in part the Motion for Sanctions (Doc. 83). *See* Doc. 84 (the Discovery Order). Based on the Catalano Defendants' apparent failure to comply with the Discovery Order, the undersigned entered an Order to Show Cause directed to the Catalano Defendants and set a show cause hearing. Doc. 87. The Catalano Defendants failed to appear at the show cause hearing and have continued to fail to comply with the Discovery Order. Thus, this Report recommending entry of judgment against the Catalano Defendants follows.

### I. Background

On July 7, 2020, Plaintiffs filed a complaint alleging trademark infringement, trademark dilution, false advertising, misappropriation of trade secrets, breach of contract, tortious interference with contract, and unjust enrichment claims against various Defendants. *See* Doc. 1. Plaintiffs subsequently filed a Verified Amended Complaint (Doc. 20) and a Verified Second Amended Complaint, which is the operative complaint in this case (Doc. 65, the Complaint). Since the filing of the Complaint on November 19, 2019, this case has been plagued with issues arising from the failure of the Catalano Defendants to adequately litigate this case.

On August 18 and 19, 2020, Plaintiffs filed the Motion to Compel (Doc. 82) and the Motion for Sanctions (Doc. 83). In the Motion to Compel, Plaintiffs requested additional information in response to certain of their requests for production. *See* Doc. 82. According to the Local Rule 3.01(g) certification, counsel for the Catalano Defendants had agreed to provide the additional information (on at least two separate occasions), but then failed to actually do so. *See id.* at 7-8. In the Motion for Sanctions, Plaintiffs stated that Anthony M. Catalano, Anthony C. Catalano, Nancy Catalano, and Barbara Catalano failed to appear for their depositions. *See* Doc. 83 at 3. According to Plaintiffs, after the depositions were noticed, the Catalano Defendants' counsel advised that they would not appear for their scheduled depositions—which were to be conducted via Zoom. *Id.* Defense counsel failed to provide any valid explanation for his clients' non-appearance and also failed to suggest alternate dates, despite repeated requests from Plaintiffs' counsel. *Id.* at 3.

The deadlines for the Catalano Defendants to respond to the Motion to Compel and the Motion for Sanctions were September 1 and 2, 2020, respectively. *See* Local Rule 3.01(b). However, the Catalano Defendants responded to neither Motion. Thus, on September 8, 2020, the

Court entered the Discovery Order: (1) granting the Motion to Compel as unopposed and awarding fees incurred in the filing of that Motion; and (2) granting the Motion for Sanctions in part and taking that Motion under advisement in part. Doc. 84. In the Discovery Order, the Court ordered the Catalano deponents to appear for a deposition within two weeks and explained that "[t]he unopposed request for sanctions is taken under advisement and will be revisited if the Catalano Deponents fail to appear for depositions within two weeks." *Id.* at 3-4. Finally, the Court warned that "[i]f the Catalano Deponents fail to appear for deposition a second time, the Court may enter default against them without further notice pursuant to the unopposed Motion for Sanctions and Rule 37." *Id.* at 4.

On September 22, 2020, Plaintiffs filed a notice of the Catalano Defendants' failure to "respond to [Plaintiffs' counsel's] email and phone communications attempting to schedule the depositions. . . [and failure] to make themselves available or appear for deposition on or before September 22, 2020." Doc. 85. Plaintiffs also advised the Court that the Catalano Defendants had failed to produce any documents or supplemental responses to the discovery requests as required by the Discovery Order. *Id.*

On September 23, 2020, the Court issued the Order to Show Cause, noting that the Catalano Defendants had apparently failed—entirely—to comply with the Discovery Order. Doc. 87. In the Order to Show Cause, the Court stated that it would "consider the remainder of the Motion for Sanctions (Doc. 83, including the requests to strike the Catalano Defendants' pleadings and to enter default against the Catalano Defendants), as well as sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) (including striking the Catalano Defendants' pleadings, rendering a default judgment against the Catalano Defendants, and treating as contempt of court their failure to obey the Order)." *Id.* at 1-2. Accordingly, the Court ordered Defendants Nancy Catalano,

Barbara Catalano, Anthony C. Catalano, Anthony M. Catalano, and counsel for all parties to appear for an in-person hearing, on October 8, 2020, to show cause why the Motion for Sanctions (Doc. 83) should not be granted in full and why the Court should not sanction the Catalano Defendants pursuant to Rule 37(b)(2) for failure to comply with the Discovery Order (Doc. 84). Doc. 87 at 2.  The Court warned that "[a] failure to comply with [the Order to Show Cause] may result in the imposition of sanctions, including the initiation of contempt proceedings against the Catalano Defendants and the entry of judgment against the Catalano Defendants without further notice." *Id.*

On September 29, 2020, counsel for the Catalano Defendants filed a "Notice of Unavailability" purporting to inform the Court that counsel was undergoing a surgical procedure and would be "medically unavailable" from October 1, 2020 through November 30, 2020.  Doc. 88.  On September 30, 2020, the Court struck the Notice of Unavailability by endorsed order, explaining that:

> The rules of this Court do not provide for filing a Notice of Unavailability as a method to avoid abiding by deadlines and schedules established by the Court or to extend the time for responding to motions. Counsel may notify opposing counsel of his or her unavailability and request that his or her schedule be accommodated. With respect to deadlines for filing documents with the Court, attending hearings, or otherwise, counsel must file a motion for an enlargement of time or a continuance of a hearing or deposition date, as appropriate. It is impractical for the Court to be required to search the docket of each case for notices of unavailability before setting hearings and response deadlines. Accordingly, counsel may not rely upon the filing of the notice as a basis to excuse his or her appearance before the Court as required or to comply with a deadline established by the Court or governing rules of procedures.

Doc. 90.  Nearly a week after the this endorsed order was issued, on October 6, 2020, the Catalano Defendants filed a Time Sensitive Motion to Continue Including Showing of Cause Hearing (Doc. 95, the Motion to Continue).  In that Motion, counsel for the Catalano Defendants stated that on October 8 and 9, 2020, counsel had to be in Weston, Florida for testing and consultation in

preparation for a heart surgery scheduled for October 20, 2020. *Id.* at 2. The Catalano Defendants therefore requested that the show cause hearing set for October 8, 2020, as well as "all matters in this case including the scheduling of further matters," be continued until after December 20, 2020. *Id.* at 2-3. Approximately forty minutes after the Motion to Continue was filed, the Court issued an endorsed order denying that Motion without prejudice for failure to comply with Local Rule 3.01(g). Doc. 98.

On October 8, 2020, the Court held the scheduled show cause hearing. Doc. 99. Neither counsel for the Catalano Defendants nor the Catalano Defendants themselves appeared at the hearing. *See id.* The Court heard brief argument from Plaintiffs' counsel (who did appear). *Id.* On the record at the hearing, the Court noted that counsel for the Catalano Defendants had not made any request to proceed via telephone or video teleconference. The Court also noted that the Motion to Continue had been denied such that counsel for the Catalano Defendants had plenty of time to confer with Plaintiffs' counsel and to refile a motion to continue that properly complied with Local Rule 3.01(g). However, no proper motion to change the date, time, or format of the hearing was ever filed. Additionally, at the hearing, Plaintiffs' counsel said that Defense counsel told her that the Catalano Defendants were unwilling to cooperate in this litigation and would not appear at any depositions.

## II. Overview of Applicable Law

The Federal Rules of Civil Procedure provide the Court with authority to impose a variety of sanctions on a party who fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Specifically, the Court may impose one or more of the following sanctions:

(i)   Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    **(ii)**    Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    **(iii)**    Striking pleadings in whole or in part;

    **(iv)**    Staying further proceedings until the order is obeyed;

    **(v)**    Dismissing the action or proceeding in whole or in part;

    **(vi)**    Rendering a default judgment against the disobedient party;

    **(vii)**    Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id*. "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (per curiam) (citation omitted). The Court enjoys "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

However, "in fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense." *Wallace v. Superclubs Props., Ltd.*, 2009 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009) (internal quotation marks and citations omitted). Indeed, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *U.S. v. 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (per curiam) (noting that the court is not required to first impose lesser sanctions if doing so would be ineffective) (citation and quotations omitted); *see also Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) (per curiam) ("Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in

extreme circumstances.") (citations omitted).[1]  Further, dismissing the action or rendering a default judgment pursuant to Rule 37(b) is justified only if a party willfully or in bad faith failed to obey a discovery order.  *See id.* (discussing the sanction of dismissal) (citation omitted*); Fountain v. U.S.*, 725 F. App'x 891, 893 (11th Cir. 2018) (per curiam) (discussing the sanction of dismissal and noting that a party's disregard of responsibilities also justifies dismissal) (citation omitted); *Maus v. Ennis*, 513 F. App'x. 872, 878 (11th Cir. 2013) (per curiam) (discussing the sanction of default judgment) (citation omitted).  A dismissal or default judgment is not justified if the party's failure to comply was the result of simple negligence, a misunderstanding, or an inability to comply.  *32%2C Scorpion Go-Gast Vessel*, 339 F. App'x at 905 (discussing the sanction of dismissal) (citation omitted); *Maus*, 513 F. App'x at 878 (discussing the sanction of default judgment) (citation omitted).

### III.    Discussion

First and foremost, the undersigned finds that the remainder of the Motion for Sanctions is due to be granted as unopposed.  Indeed, the Court routinely grants motions as unopposed where the opposing party has not filed a response in opposition to the motion.  *See* Doc. 84 at 1-2 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed."); Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added).  Here, Plaintiffs request "an order striking the Catalano Defendants' Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, entering a default judgment, and awarding Plaintiffs their attorneys' fees and costs

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

incurred as a result of the Catalano Defendants' failure to appear for their deposition and incurred in preparing [the Motion for Sanctions]."  Doc. 83.  The Catalano Defendants have not opposed these requests.  Furthermore, when ordered to appear and show cause as to why they should not be sanctioned, the Catalano Defendants failed to appear entirely.

Regardless, the undersigned finds that the Catalano Defendants willfully, in bad faith, and in disregard of their responsibilities failed to comply with the Discovery Order.  In the Discovery Order, the Court clearly directed the Catalano Defendants to respond fully to the discovery requests at issue in the Motion to Compel by September 15, 2020.  Doc. 84 at 3.  The Court also clearly ordered each of the Catalano Defendants to appear for a deposition on or before September 22, 2020.  *Id.*  Yet the Catalano Defendants not only failed to respond to the written discovery or appear at depositions as ordered, they also ceased communicating with Plaintiffs' counsel.  *See* Doc. 85 ("The Catalano Defendants likewise failed to respond to the Undersigned's email and phone communications attempting to schedule the depositions, and failed to make themselves available or appear for deposition on or before September 22, 2020.").  Further, when given an opportunity to show cause why they should not be sanctioned for their failure to comply with the Discovery Order, the Catalano Defendants failed to provide any credible explanation or evidence to suggest that they misunderstood or were somehow unable to comply with the Discovery Order.  Indeed, the Catalano Defendants provided no response at all; neither counsel nor Defendants appeared at the show cause hearing or made—or sought permission to make—any written filing.

Here, the undersigned finds that no lesser sanction would be effective.  The Catalano Defendants failed to provide information that Defense counsel had agreed (on at least two separate occasions) to provide (*see* Doc. 82 at 7-8) and failed to appear at noticed depositions (*see* Doc. 83 at 3).  When Plaintiffs filed the Motion to Compel and the Motion for Sanctions, Plaintiffs failed

to offer any response at all.  Additionally, when the Court ordered the Catalano Defendants to provide the discovery information at issue and to appear for depositions, the Catalano Defendants failed, without explanation, to comply.  The Catalano Defendants also failed to respond to Plaintiffs' motion to quantify fees following the award of attorney fees and costs related to the filing of the Motion to Compel.  *See* Doc. 100.  Finally, when the Court ordered both counsel and the Catalano Defendants to appear and show cause as to why they should not be sanctioned for this failure to comply, neither counsel nor Defendants appeared; no proper motion to change the time, date, or format of the hearing was ever filed.  *See* Doc. 99.  Further, the discovery and dispositive motions deadlines in this case have expired, all while the Catalano Defendants failed to adequately participate in discovery or comply with the Court's Discovery Order, unduly prejudicing Plaintiffs' efforts to litigate this action and the Court's ability to manage its docket.

In short, since the filing of the Complaint on November 11, 2019, the Catalano Defendants have failed to respond to every single motion Plaintiffs have filed and have further failed to provide discovery responses and to appear when ordered to do so.  And Defense counsel has consistently failed to communicate with Plaintiffs' counsel.  Additionally, Plaintiffs' counsel said, at the hearing, that Defense counsel had affirmatively stated that the Catalano Defendants were unwilling to cooperate in this litigation and would not appear at any depositions.  Given this history of unresponsiveness—even in the face of multiple warnings from the Court and repeated efforts by Plaintiffs' counsel to confer—and the Catalano Defendants' apparent unwillingness to cooperate, the undersigned finds that the sanctions of striking the pleadings and entering default are appropriate and, in fact, necessary.

**IV.     Conclusion**

Accordingly, it is **RECOMMENDED** that the Motion for Sanctions (Doc. 83) be **GRANTED** and sanctions be imposed against the Catalano Defendants for their failure obey the Discovery Order, such that:

1. The Catalano Defendants' pleadings (Docs. 70 and 71) be struck pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii); and

2. Default judgment be entered in favor of Plaintiffs and against the Catalano Defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 14, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy